**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ROBERTO ALVAREZ-DELGADILLO,
a/k/a "Morro,"

        Defendant.

No. CR01-4044-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges, Conviction, Sentencing, and Appeal* . . . . . . . . . . . . . . . . . 2
    *B. The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . 4
        *1. Relief on the merits of the claims* . . . . . . . . . . . . . . . . . . 4
        *2. Entitlement to an evidentiary hearing* . . . . . . . . . . . . . . . . 6
    *B. The "Booker Error"* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . 9
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . 10
        *2. The "ineffective assistance" at issue here* . . . . . . . . . . . . . 11
    *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . 13

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

T his matter comes before the court pursuant to the May 16, 2003, *pro se* Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 69) by defendant Roberto Alvarez-Delgadillo (Doc. No. 69). In his motion, Alvarez-Delgadillo seeks relief from his sentence to 121 months of imprisonment after conviction by a jury on charges of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine and possession with intent to distribute over 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Alvarez-Delgadillo seeks such relief based on a "*Booker* error" in his sentencing and ineffective assistance by his trial counsel in failing to assert the same. The court finds that the motion is now ripe for disposition.

## I. INTRODUCTION
### A. Charges, Conviction, Sentencing, and Appeal

In a Superseding Indictment handed down on September 27, 2001, defendant Alvarez-Delgadillo was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 1), in violation of 21 U.S.C. §§ 846, 841(a), and 841(b)(1)(A), and possession with intent to distribute over 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count 2), in violation of 21 U.S.C. §§ 841(a), and 841(b)(1)(A). Following a two-day jury trial, the jury returned a verdict of guilty with respect to both Counts charged in the Superseding Indictment. Specifically, with respect to Count 1, the jury found Alvarez-Delgadillo guilty of both conspiracy to distribute and conspiracy to possess with intent to distribute 50 grams or more, but less than 500 grams, of a mixture

or substance containing a detectable amount of methamphetamine. With respect to Count 2, the jury found the defendant guilty of possession of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine with intent to distribute it. On December 19, 2001, Alvarez-Delgadillo filed a Motion for Judgment of Acquittal, or in the alternative, Motion for New Trial (Doc. No. 50). On January 16, 2002, this court denied the defendant's Motion for Judgment of Acquittal and his alternative Motion for New Trial (Doc. no. 54), and the case proceeded to sentencing.

During the sentencing hearing held on April 1, 2002, a number of issues were disputed between the parties. Particularly relevant to the current motion pending before the court, is the fact that the court determined that the amount of drug quantity attributable to the defendant totaled 499 grams. Following a resolution of all the disputed issues in the case, the court sentenced Alvarez-Delgadillo to 121 months of incarceration on Count 1 and 121 months of imprisonment on Count 2, to run concurrently with each other. On April 8, 2002, Alvarez-Delgadillo filed a Notice of Appeal (Doc. No. 63). The United States Court of Appeals for the Eighth Circuit affirmed the decision of the district court on October 29, 2002. Thereafter, Alvarez-Delgadillo filed the current motion pending before the court.

### B. The Motion To Vacate Sentence

On May 16, 2003, Alvarez-Delgadillo filed his *pro se* Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 69). Alvarez-Delgadillo's § 2255 sought relief on the following grounds: (1) a "*Booker* error," based on Alvarez-Delgadillo's contention that a jury, not the sentencing judge, should have determined the amount of drug quantity attributed to him for sentencing purposes; and (2) ineffective assistance of trial counsel in failing to challenge the

constitutionality of 21 U.S.C. § 841(a)(1)(A) and (B) to the extent that those provisions permitted the court to make drug quantity determinations in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court will consider Alvarez-Delgadillo's claims in turn, after a brief review of the standards applicable to his § 2255 motion.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

#### 1. Relief on the merits of the claims

The court must first consider the standards applicable to a motion for relief from sentence pursuant to 28 U.S.C. § 2255. Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### 2. *Entitlement to an evidentiary hearing*

As the Eighth Circuit Court of Appeals recently explained,

> A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001). "That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." *Id.* Therefore, in order to determine if [a movant under § 2255] is entitled to remand

> for an evidentiary hearing, we must consider the validity of his
> [claim for § 2255 relief]. *Id.*

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005). More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary, [but] [a]bsent such clarity, an evidentiary hearing is required." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). At the evidentiary hearing, if one is required, the defendant must establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *accord Latorre*, 193 F.3d at 1038 (quoting this standard from *Bousley*).

In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Alvarez-Delgadillo] is entitled to no relief" on any of his claims, as the court will explain in more detail below. 28 U.S.C. § 2255; *Ledezma-Rodriguez*, 423 F.3d at 835-36.

## B.  The "Booker *Error"*

Alvarez-Delgadillo's first claim for § 2255 relief is an alleged "*Booker* error," based on the fact the sentencing judge determined the actual drug quantity attributable to the defendant for sentencing purposes. Alvarez-Delgadillo contends this function should have been performed by a jury based on *United States v. Booker*, 125 S. Ct. 738 (2005).

This is apparently a contention that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (stating this and other grounds for relief); *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").

On January 12, 2005, the United States Supreme Court handed down its decision in *Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Court issued two separate majority opinions. *Id.* First, Justice Stevens, writing for the Court, held that the rule announced in *Blakely v. Washington*, 124 S. Ct. 2531 applied to the federal sentencing guidelines. *Booker*, 125 S. Ct. at 745. Justice Stevens's opinion was grounded on the premise that the federal sentencing guidelines were mandatory and imposed binding requirements on all sentencing judges. *Id.* at 749. The second majority decision, with Justice Breyer writing for the Court, invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory. *Id.* at 756. However, by its very terms, *Booker* states that it is to apply "to all cases on direct review." *Id.* at 769. The decision makes no reference to cases on collateral review. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to have considered the issue has held that *Booker* does not apply retroactively to cases on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d at 781, 783 (8th Cir. 2005); *see also Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because this case was not pending on direct review when *Booker* was decided, the holdings of *Booker* would be inapplicable as a basis to attack the sentence here. *See Never Misses*

*A Shot*, 413 F.3d at 783; *see also Lloyd*, 407 F.3d at 615-16; *Guzman*, 404 F.3d at 143-44; *Varela*, 400 F.3d at 868; *Price*, 400 F.3d at 845; *Humphress*, 398 F.3d at 857; *McReynolds*, 397 F.3d at 481. Therefore, this part of defendant Alvarez-Delgadillo's motion is **denied.**

## C. *Ineffective Assistance Of Counsel*

Alvarez-Delgadillo's second claim is that he received ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Alvarez-Delgadillo is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

### *1.    Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established:  post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'"  *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the  movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'"  *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687).  That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting  *Strickland*, 466 U.S. at 688).  There are two substantial impediments to making such a showing, however.  First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'"  *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong

presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

Alvarez-Delgadillo contends that his trial counsel was ineffective in failing to anticipate *Booker*, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which had been decided at the time of Alvarez-Delgadillo's sentencing. The court will now consider Alvarez-Delgadillo's second allegation asserted in his § 2255 motion.

### 2. The "ineffective assistance" at issue here

Alvarez-Delgadillo's claim of ineffective assistance of counsel is based on his trial counsel's failure to challenge the constitutionality of 18 U.S.C. § 841(a)(1)(A) and (B) to

the extent that those provisions permitted the court to make drug quantity determinations that affected the length of his sentence in violation of *Apprendi*. He contends that, even though the decision in *Apprendi* was brought to counsel's attention before sentencing, counsel still did not specifically raise a challenge to findings of drug quantities by the court based on the court's credibility determinations. Thus, he contends that he was sentenced on the basis of drug quantities that were not proved to a jury beyond a reasonable doubt. He argues that the constitutional issue should have been apparent at the time of sentencing and that his counsel's failure to raise it prejudiced him, because a higher sentence was imposed.

This ground affords Alvarez-Delgadillo no relief. First, it behooves the court to note that *Apprendi* did not, on its face, address judicial fact-finding that establishes the maximum *Guidelines sentencing range*, because *Apprendi* was cast only in terms of a constitutional requirement for jury determination of facts that establish the maximum *statutory* penalty. *See Apprendi*, 530 U.S. at 490. The decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which applied *Apprendi* to invalidate that part of Washington State's sentencing scheme that allowed a judge to find facts increasing the defendant's mandatory guidelines sentence, had not been handed down at the time of Alvarez-Delgadillo's sentencing. The court cannot find that counsel was constitutionally ineffective in failing to raise Alvarez-Delgadillo's argument concerning judicial fact-finding under mandatory Sentencing Guidelines, based on *Apprendi*, because "[w]hile the Constitution guarantees criminal defendants a competent attorney, it 'does not insure that defense counsel will recognize and raise every conceivable constitutional claim.'" *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (quoting *Engle v. Isaac*, 456 U.S. 107, 134 (1982)). Thus, this claim fails on the first prong of the "ineffective assistance" analysis, because counsel's performance was not "deficient." *See Ledezma-Rodriguez*, 423 F.3d at 836 (to

prove an "ineffective assistance" claim, the movant must first show that counsel's performance was "deficient"); *Davis*, 423 F.3d at 877 (same). Because there was no "deficient performance," the court need not consider the "prejudice" prong for this "ineffective assistance" claim. *Walker*, 324 F.3d at 1040. Therefore, this part of defendant Alvarez-Delgadillo's motion is also **denied.**

### D. Certificate Of Appealability

Defendant Alvarez-Delgadillo must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir.), *cert. denied*, 531 U.S. 908 (2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir.), *cert. denied*, 525 U.S. 1007 (1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998), *cert. denied*, 525 U.S. 1166 (1999); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Alvarez-Delgadillo's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Alvarez-Delgadillo's

claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III.  CONCLUSION

Upon the foregoing, Roberto Alvarez-Delgadillo's May 16, 2003, *pro se* Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. No. 69) is **denied in its entirety.**

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA